IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-477-BO-RJ
No. 5:24-CV-594-BO-RJ

| | | |
|---|---|---|
| PERDUE FARMS INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JULIE SU, in her official capacity as Acting | ) | |
| Secretary of the United States Department of | ) | |
| Labor, *et al.* | ) | |
| Defendants. | ) | |

The two above-captioned cases are before the Court on plaintiff's motions for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing was held before the undersigned on January 17, 2025, at Greenville, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, the motions for preliminary injunction are denied.

## BACKGROUND

In 2015, Craig Watts instituted a whistleblower action against Perdue Farms in the United States Department of Labor pursuant to the Food Safety Modernization Act (FSMA), 21 U.S.C. § 399d. Watts, a poultry farmer in Robeson County, North Carolina who raised Perdue Farms (Perdue) chickens, claimed that Perdue retaliated against him after he publicly alleged that Perdue had provided him with sick and dying birds. [No. 5:24-CV-477-BO, DE 6-2][1]. Watts invited a film crew to his farm to film the conditions of chickens in his chicken houses, which Watts contends

---

[1] This order will refer to the individual cases by citing "No. -477" or "No. -594" followed by the specific docket entry.

were housed pursuant to Perdue's rules and restrictions. In 2016, the Occupational Safety and Health Administration (OSHA) reviewed Watts' complaint and determined that, while Perdue is a covered entity under the FSMA whistleblower provisions, Watts was not an employee for purposes of § 399d, and thus OSHA lacked jurisdiction to consider the complaint. [No. -477, DE 6-3]. Watts exercised his right to request a hearing before a Department of Labor (DOL) Administrative Law Judge (ALJ), and years of administrative litigation ensued. *See* 29 C.F.R. § 1987.106(a). Watts' DOL case is currently scheduled for a hearing before an ALJ on June 23, 2025. [No. -594, DE 1-8].

Rudy Howell, another poultry farmer in Robeson County, North Carolina, instituted a similar FSMA whistleblower action against Perdue in February 2021. [No. -594, DE 1-2]. OSHA dismissed his complaint, finding that Howell was not an employee under the statute. [No. -594, DE 1-5]. Howell requested a hearing before an ALJ, and his case is also set for hearing to commence on June 23, 2025. [No. -594, DE 1-8].

Perdue instituted the Watts action, No. 5:24-CV-477-BO, in this Court on August 20, 2024, and the Howell action, No. 5:24-CV-594-BO, on October 18, 2024. In both cases, Perdue seeks a preliminary injunction to stop the DOJ ALJ proceedings pending the constitutional challenges raised by Perdue in its complaints. In its complaints, Perdue seeks declaratory and injunctive relief and alleges that the DOL administrative proceedings are unconstitutional on several grounds: that they violate Article III; that they violate Perdue's right to a jury trial under the Seventh Amendment, as recently addressed in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024); that they violate the President's removal authority under Article II; that they violate the nondelegation doctrine and separation of powers under Article I; and that they violate the Due Process Clause of the Fifth Amendment. The DOL defendants have responded in opposition to the motion for preliminary

injunction in both cases. Watts has responded in opposition to the motion for preliminary injunction, and Perdue has moved to strike that response.[2] Because both cases raise substantially the same issues, the Court determines that it can address the Rule 65 motion in a single order.

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). Its purpose is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where, as here, the government is the defendant, the balance of equities and public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The burden on the movant is "exceedingly high". *Mahmoud v. McKnight*, 102 F.4th 191, 203 (4th Cir. 2024).

The Court must at the outset address the argument by the DOL defendants that it lacks jurisdiction to consider Perdue's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998) (subject matter jurisdiction is a threshold question). Under 21 U.S.C. §

---

[2] Perdue argues that Watts' memorandum in support of the DOL defendants' opposition to Perdue's motion for preliminary injunction is unauthorized and untimely. The Court, in its discretion, denies Perdue's motion. Rule 65(a) requires that parties adverse to a preliminary injunction be given an opportunity to be heard. Watts did not appear in this action until the filing of a consent motion for extension of time to answer on November 19, 2024. [DE 20]. Perdue served a courtesy copy of the motion for preliminary injunction on counsel for Watts but has pointed to no evidence of service of the motion under Rule 5. *See* [DE 4; DE 5] (reflecting no certificate of service). The Court discerns no real prejudice to Perdue in permitting Watts an opportunity to respond. Moreover, a hearing has now been held and Perdue had an opportunity to respond to any argument by Watts at that time. The motion to strike is denied.

3

399d(b)(5)(A), judicial review of DOL decisions in FSMA whistleblower cases are raised directly to the appropriate United States Court of Appeals. The FSMA further provides for "no judicial review" of any decision of the DOL "with respect to which review could have been obtained" in the appropriate court of appeals. *Id.* at § 399d(b)(5)(B).

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). Congress "may do so explicitly, providing in so many words that district court jurisdiction will yield. But Congress also may do so implicitly, by specifying a different method to resolve claims about agency action." *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 185 (2023).

Here, as the DOL defendants have argued, Congress has explicitly provided that there shall not be judicial review in a civil or criminal proceeding of any order that could be reviewed by the appropriate court of appeals. 21 U.S.C. § 399d(b)(5)(B). And Perdue has raised in the Watts administrative proceedings its arguments under *Jarkesy*, which have been rejected by the ALJ, meaning they are properly preserved for review in the court of appeals. *See* [No. -477, DE 6-19; DE 6-21]. Perdue contends that the holding in *Axon* means this Court has jurisdiction over its constitutional challenges to the whistleblower statute. But *Axon*, as well as *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), on which it relies, address implicit divestiture of jurisdiction in the district courts, and are inapposite where there is explicit divestiture. *See Azimov v. U.S. Dep't of Homeland Sec.*, No. 22-56034, 2024 WL 687442, at *1 (9th Cir. Feb. 20, 2024). Here, the FSMA whistleblower statute appears to explicitly divest the district courts of jurisdiction.

The Court concludes that its jurisdiction over these cases is in doubt. However, because the Court also concludes that the preliminary injunction motion may easily be denied, it will reserve a final decision on jurisdiction and assume it has jurisdiction for the purposes of resolving the instant motion.

As noted above, a preliminary injunction must be denied where a movant fails to make a clear showing of *any* of the four elements. Perdue's inaction in pursuing its claims undercuts its contention that it will suffer irreparable harm in the absence of an injunction. Perdue has been litigating the Watts case since 2015 and the Howell case since 2021. Delay in seeking preliminary injunctive relief, which is designed to address a party's "urgent need for the protection of [its] rights," demonstrates an "absence of the kind of irreparable harm required to support a preliminary injunction." *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989) (quotations and citations omitted). Perdue argues that, prior to the *Axon* decision, *Bennett v. SEC*, 844 F.3d 174 (4th Cir. 2016), blocked this action. Even assuming that is the case, *Axon* was decided in April 2023, but Perdue did not file these actions until August and October 2024. Perdue raises core constitutional issues in its complaint, but simply raising a constitutional claim does not entitle a party to the "extraordinary and drastic remedy" of a preliminary injunction. *Munaf*, 553 U.S. at 689; *see Talleywhacker, Inc. v. Cooper*, 465 F. Supp. 3d 523, 542 (E.D.N.C. 2020).

In addition to a lack of urgency, Perdue has failed to persuasively argue that any harm that it suffers through the administrative proceedings would be irreparable. First, the ALJ may decide fully in Perdue's favor. Should the ALJ decide against Perdue, Perdue may seek review in the court of appeals, which is plainly positioned to remedy any alleged error. Having to defend itself in within an administrative proceeding does not necessarily rise to the level of irreparable harm,

even where the litigation is protracted and expensive. *See John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1135 (D.C. Cir. 2017).

Moreover, the balance of equities and the public interest lie with permitting the underlying DOL actions to proceed while Perdue prosecutes its claims in this Court. Congress enacted whistleblower protections in the FSMA as part of a comprehensive scheme aimed at protecting the public from unsafe food. The equities do not weigh in favor of disrupting the administrative whistleblower procedures which have been in place since 2011 in order to further Congress's objectives. While, as Perdue contends, the public interest certainly aligns with vindicating constitutional rights, in this context, where Perdue *has* an avenue of review of its constitutional claims, the final factor cuts in favor of the defendants.

Accordingly, Perdue has failed to meet its exceptionally high burden to demonstrate that a preliminary injunction is warranted. The motion is therefore denied.

## CONCLUSION

For foregoing reasons, plaintiff's motion for preliminary injunction is DENIED. The clerk is DIRECTED to enter this order in both of the above-captioned cases. Plaintiff's motion to strike defendant Watts' memorandum in response to its motion for preliminary injunction [No. -477, DE 30] is also DENIED.

SO ORDERED, this ___ day of January 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE