UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PERDUE FARMS INC.,<br><br>         Plaintiff,<br><br>v.<br><br>LORI CHAVEZ-DEREMER, in her official capacity as Secretary of the United States Department of Labor, *et al.*,<br><br>         Defendants. | Civil Action No. 5:24-cv-00477-FL |

**GOVERNMENT DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

  The Government Defendants respectfully submit this response to Perdue's Notice of Supplemental Authority ("Notice"), Dkt. 67, citing *Sun Valley Orchards, LLC v. DOL*, 148 F.4th 121 (3d Cir. 2025); *Wulferic, LLC v. FDA*, 2025 WL 2200923 (N.D. Tex. Aug. 1, 2025); and *Space Exploration Technologies Corp. v. NLRB*, 2025 WL 2396748 (5th Cir. Aug. 19, 2025) ("*SpaceX*"). Perdue argues that these decisions are relevant to its Seventh Amendment, Article III, and ALJ removal claims, and to this Court's jurisdiction under *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023). Notice at 1. However, none is controlling or persuasive for the points Perdue cites, particularly in light of the Fourth Circuit's recent decision in *Manis v. USDA*, 2025 WL 2389422 (4th Cir. Aug. 21, 2025).

  *First*, Perdue errs in relying on the Third Circuit's decision in *Sun Valley*, which held that the plaintiff's claim sounded in the common law for a breach of contract suit and not in the adjudication of immigration violations. 124 F.4th at 128-29. But here, there is no common law analogue for the Food Safety Modernization Act's self-consciously novel whistleblower protections, which are designed to assist government enforcement of the law and are a matter of public rights. *See* Gov't

1

Defs.' MTD at 16-21, Dkt. 55 (explaining that "then-existing law did not protect whistleblowers" prior to enactment of Section 399d). *Sun Valley*, like *Jarkesy* itself, also dealt with "a civil penalty . . . designed 'to punish or deter the wrongdoer[.]'" *Sun Valley*, 148 F.4th at 129. Any analogy between the make-whole whistleblower relief at issue here and a civil penalty is misplaced. "[N]one of the punitive factors found determinative in *Jarkesy* are present in Section 399d." Gov't Defs.' MTD at 12.[1]

*Second*, Perdue claims that *Wulferic* demonstrates this Court's jurisdiction to hear its claims under *Axon*, Notice at 2, but it ignores a key distinction between the statute at issue in *Wulfreic* and 21 U.S.C. § 399d(b)(5)(B), at issue here. As this Court correctly observed in its Order denying Perdue's motion for preliminary injunction, the "FSMA whistleblower statute appears to explicitly divest the district courts of jurisdiction" over collateral attacks on whistleblower proceedings like Perdue's, because Congress "explicitly provided that there shall not be judicial review in a civil or criminal proceeding of any order that could be reviewed by the appropriate court of appeals." Order at 4, Dkt. 43 (citing 21 U.S.C. § 399d(b)(5)(B)). The statute at issue in *Wulferic*, by contrast, contains no such explicit divestiture, and is thus inapposite. *See* 21 U.S.C. § 333(f)(6). On the merits, Perdue's analogy fails for the same reason as *Sun Valley*. Both cases dealt with "civil penalty" remedies distinct from the make-whole whistleblower relief here. *Wulferic*, 2025 WL 2200923, at *11; Gov't Defs.' MTD at 12.

*Third*, Perdue argues that *SpaceX* speaks to this Court's jurisdiction under *Axon*, and to its ALJ removal claim. Notice at 2. But *SpaceX* does not alter the conclusion that Perdue's removal claim fails because it has not shown that it incurred a compensable injury due to the removal restrictions it challenges. *See* Gov't Defs.' MTD at 21-24. That harm requirement remains applicable to Perdue's removal claim under *K&R Contractors, LLC v. Keene*, 86 F.4th 135, 149 (4th Cir. 2023), as the Fourth

---

[1] Furthermore, one district court has already rejected *Sun Valley*'s reasoning as "neither binding nor persuasive." *Butler Amusements, Inc. v. DOL*, 2025 WL 2457687, at *7 (D.D.C. Aug. 26, 2025).

2

Circuit recently confirmed in *Manis*, 2025 WL 2389422. In its motion for summary judgement, Perdue argued that "*Axon*'s holding of a 'here-and-now' injury from proceeding before ALJs in violation of the Take Care Clause [] confirms that *Keene* should not apply." Perdue MSJ at 23, Dkt. 49. But the Fourth Circuit rejected this argument's premise, confirming the Government's position that "Perdue's argument conflates a key distinction between the two types of injuries a plaintiff must show to establish a viable removal claim: the injury necessary to establish jurisdiction, and the compensable harm necessary to establish the viability of the claim itself." Gov't Defs.' Reply at 14, Dkt. 59. *See Manis*, 2025 WL 2389422, at *4 ("*Axon* addressed only a distinct jurisdictional question . . . it does not say that every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw." (citation omitted)). *Manis*'s reasoning fully applies here, and is consistent with this Court's decision that "*Axon*, as well as *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), on which it relies, address implicit divestiture of jurisdiction in the district courts, and are inapposite where there is explicit divestiture." Order at 2. *See also Burgess v. Whang*, 2025 WL 2437490, at *1, 3 (5th Cir. Aug. 25, 2025) (similar).

For the foregoing reasons, *Sun Valley Orchards*, *Wulferic*, and *SpaceX* are inapposite. A more analogous decision can be found much closer to home in *Manis v. USDA*, where the United States District Court for the Middle District of North Carolina recently dismissed a similar Seventh Amendment, Article III, and ALJ removal case (and rejected plaintiffs' reliance on *Axon*) for the very reasons advanced by the Government Defendants here. *Compare* Gov't Defs.' MTD at 11-24 *with Manis,* 2025 WL 2404985, at *16-20, n.14 (M.D.N.C. Aug. 19, 2025) (dismissing ALJ removal claim for lack of compensable harm under *Keene* and dismissing Seventh Amendment and Article III claims under the public rights exception). Accordingly, for the reasons set forth above and in the Government's memoranda of law, Perdue's claims should be dismissed.

3

Dated: September 22, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Andrew J. Rising*
ANDREW J. RISING
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12520
Washington, DC 20005
(202) 514-0265
Andrew.J.Rising@usdoj.gov

*Counsel for the Government Defendants*

4